Mr. Scott? Good morning, Your Honor. May it please the court, Paul Scott on behalf of the petitioner in this matter. This case, the basic facts of the case is the government alleged that the petitioner was removable for having been convicted of a crime. The petitioner contested his removability. He denied the allegation that he was convicted of a crime. He contested that he was in fact removable. And the immigration judge sustained the removability. And later the BIA sustained that removability without the fact that no record. Now, there was a bond hearing immediately preceding the removal proceedings, and a conviction record was submitted in that hearing. The immigration judge was reading that document into the administrative proceeding. By him doing that, and by the BIA later sustaining that, that was improper. It was a clear violation of 8 CFR 1003.19D, which delineates and says that any evidence submitted in a bond hearing is not admissible in a removal proceedings hearing. Incidentally, over the weekend, the government filed a motion to submit those documents into the appellate record. And we were asking that this court not take into consideration those documents for a couple of reasons. First, they're not probative. There's nothing on those documents that indicate that it was received by the immigration court. Typically in the immigration court, when something's moved into the record, it's stamped, it's given an exhibit number, and it just doesn't have that. I've gone through the R.O. Well, of course, that motion was to enlarge the record or take judicial notice stating the alternative. Normally, at least in other kinds of cases, we do take judicial notice of things as reasonably ascertainable as prior convictions. I understand, Your Honor, but the conviction is not in the administrative record. And the court, we're not supposed to deliberate an appeal based on evidence outside the administrative record. And that's what the government did, is they submitted it, and it's not, it's glaringly absent from the administrative record. To understand, to, the petitioner is a green permanent resident. He has all the rights to live in this United States. And to have him order removed when he's contesting his removability is a clear due process violation. To be removed without any evidence corroborating it violates his due process. He has the rights to be here. The government argues that, the government says in their brief, and the BIA says in their decision that there's no conviction document in the record. I think we all agree on that. What the government is going to argue, or what the government is arguing, is that his admissions should be used to sustain the government's initial burden of proof. It's important that we note that removal proceedings are bifurcated proceedings. The first phase in removal proceedings is, is the person removable? If the person is not removable, the immigration judge must terminate the proceedings. If the immigration judge finds the petitioner removable, then he has to apply for relief. And, and then he bears the burden of proof of proving that he's in, that he's eligible for the relief. The government wants to take his statements that he made in support of his application for relief and use that as a workaround to come back to the initial phase of removal proceedings and sustain their burden of proof. Let me just quote from the government's motion filed on, late last week. I'm quoting it and you can have the opportunity to tell me whether it's accurate or whatever. I'm not reading it because I necessarily accept it, but here's what they said. Quote, furthermore, counsel for petitioner never objected to the convention record's submission or any judge's objection. Accurate. That sounds accurate, Your Honor. But, but the, the counsel for the petitioner denied, I mean the way removal proceedings works is it was alleged that he was convicted of something and it's alleged on the notice to appear that he's in fact more removable. Counsel for the petitioner denied that he was convicted of that and he denied that he's removable. So by denying that and holding him to their burden of proof, that is the objection. He preserved that issue for, for appeal by doing that. The, the regulations clearly state what can be used as evidence to, to prove that a conviction exists. None of them are his testimony or certainly none of them is his, his attorney's arguments. Um, and I believe, I believe it's a matter of Vargas and the BIA says that, um, attorney's arguments is not testimony. Um, so the BIA stated in their decision that his attorney argued in his arguments that he was convicted of indecent behavior with the juvenile, that should sustain the conviction. That's in violation of their own, of their own precedent. For that reason alone, the BIA decision should be vacated as arbitrary and capricious. The, the regs have told us what can be used to establish that a conviction occurred and it's clear from the regs that it requires that a document be submitted. I believe it's, um, state CFR 1003.41. It lists what documents can be submitted. Um, and I believe the first is a certified disposition of a conviction. I believe the second is, um, certified minutes prepared by the clerk of court where the conviction was sustained. Uh, the third is any judicial, judicially reliable document that establishes that a conviction, uh, was sustained. And the last is any relevant evidence, I'm paraphrasing, but the theme in that regulation is it's clear that it requires a document prepared by the clerk of court where the conviction, conviction was sustained. The reason is for anything to be admitted into, to be admissible into the immigration court, the standard is, is it probative and is it fundamentally fair? Well, this is a, a certified copy by the clerk of court, East Baton Rouge Parish, a true extract, it says this, a true extract of criminal court minutes, 19th Judicial District Court. That is, that is prepared, but the government failed to, that is certified dispositions. That would be admissible except that the government failed to introduce it. Uh, the government gives it to us now and tells us that, you know, so for y'all to consider, but they did not produce it in removal proceedings. It's outside of the administrative record. And the other thing is, it's, it's not probative. You read the clerk from the, I'm sorry, the stamp from the clerk of court of East Baton Rouge Parish. We don't know if that was admitted in the immigration court. There's nothing indicating that it was submitted or, uh, submitted evidence in the immigration court. In the ROA, every single submission has a stamp, Department of Justice, and that doesn't have it. We don't know if that's the same document that the immigration judge was looking at. The reason why it requires a document and not his, uh, his testimony is because first it has to be probative. If we're taking testimony to prove a conviction, that's not probative. We're not able, the immigration judge is not able to, uh, perform a categorical analysis or modified categorical analysis. Um, there's no integrity of the record because in this case in particular, I believe three or four immigration judges took, uh, had it. Uh, the BIA then has it and now we have it. We're not able to do a, uh, any kind of analysis to decide if he's in fact removable. Just because one person is convicted of a crime, it doesn't mean that he's removable. In this particular case, there's multiple subsections of indecent behavior with the juvenile. So just to take his testimony when he was asked, what were you convicted of? And he, he says indecent behavior. Um, that doesn't mean he's removable. We can't, it's just not probative. And frankly, it's not fundamentally fair. If the government has their, if it goes how the government wants it to go, there is no reason why they would submit, uh, conviction documents. What they could do is if the, if the alien could test removability, they could put him under oath and just start asking him questions and kind of let him figure it out on his own. That's not, that's not how immigration proceedings were designed. That's not what Congress intended. Again, it's a bifurcated proceeding. If the government doesn't meet its initial burden of proof, they must terminate. Even if, even if we were to say that admissions, um, can be used to prove the initial set of removability, it still doesn't rise to the level of clear and convincing evidence. The, the regulations and statute frankly say that the government has to prove by clearing convincing evidence that he's removable. Again, we don't think that these admissions are admissible, but assuming they are admissible, it's not clear and convincing evidence. You know, the... I'm sorry, you're saying Mr. Ibrahim's own testimony is not about what he was convicted of is not clear and convincing? It's not clear and convincing to prove the initial, uh, determination of whether he's removable. That testimony that he gave was for the sole purpose of deciding whether he is eligible for, uh, relief. But he... Why can't you believe somebody's own testimony about their own conviction? I mean, I don't know that you have to. I guess somebody could lie about their conviction, but why can't you, if you want to, believe that? I, I think we can believe him and, and he testified correctly, but that can't be used to... He shouldn't have been there. He should have been there. He is now in the relief phase of his removal proceedings. In order to get there, there has to be clear and convincing evidence that, that he's, in fact, removable. So what happened in this case is the immigration judge relied on a document that's not on the, not in the record, forced him to apply for relief, and now the government wants to use those, that testimony that he's using in the relief phase to, as a workaround to the first phase where the government had the burden. So you're not saying it's not clear and convincing. You're saying we shouldn't, it's just not admissible because the, the I.J. improperly forced that discussion. That's correct. The I.J. made a decision on removability when there is no document submitted to, to show that he's, in fact, removable. The, and again, you know, I, I can't emphasize enough that the document submitted over, over the weekend was, did not exist. It was not there when the immigration judge made that decision. The ultimate immigration judge in this case saw that no conviction documents had been submitted and, in fact, terminated the proceedings. The ultimate immigration judge had the case after a BIA remand. The BIA said that the immigration judge didn't have the authority to terminate the case, but he did. And again, it was a matter of Patel, the BIA case, matter of Patel. So long as there's not any limiting language in the, the remand, the immigration judge, it, it reopens. It reopens the full proceedings. And not just for the respondent. At that time, the government could have submitted conviction documents, but they didn't. They waited until now. This is in 2017 when these proceedings started. They waited until now. But matter of Patel said that the immigration judge had full opening to, to reopen the, the, the issues. Again, the BIA ignored their own case law. Again, for that reason alone, their decision should be vacated. If there's no further questions, I will reserve my time for rebuttal. Yes, you say time for rebuttal. Thank you, Mr. Scott. I'm not going to try to pronounce your name because I'm sure that I'll mess it up. So tell us, I will help out slowly and clearly. What's your, how you pronounce it? Heiss. Heiss. All right. Thank you, Mr. Heiss. Good morning, your honors. May it please the court. Michael Heiss on behalf of the respondent, the attorney general of the United States. Petitioner's case hinges on a now corrected oversight. There's no question that there was some confusion about the document that is now before the court, whether or not it was presented, how it was presented. But there is no question that it indeed exists. It's a bit of a fantasy to claim that this document doesn't exist. As your honor pointed out, it is a certified copy of a state public record from state of Louisiana. Was this process considered a document that wasn't properly submitted to the IJ and admitted into evidence that properly exists? Again, as Petitioner stated, and as simply the case, immigration proceedings are a little bit different than traditional federal trials. Things move a little differently. The federal rules of evidence don't apply. It's fairly normal for the government to provide a document and doesn't actually formally state, I hereby move this document into evidence. The judge just marks it. The judge says, I'm marking this as Exhibit 1. Or even long after the fact, typically at the end of testimony, it gets marked at that point. But it doesn't have the same formality as a federal trial, or any trial really. It's administrative proceedings. Things are a little bit different. That's not to say that rules don't need to be complied with. But what we have here, and it's unclear from the record, exactly how the first judge I believe was Judge Mangio, if I'm pronouncing that name correctly, how he got his hands on that document. That same judge handled the bond proceedings, and it's unclear if he grabbed those minutes, the document that was submitted on Friday, if he grabbed those, or if government again submitted them. Nonetheless, there's no question that this document exists. And there's no question that all of the immigration judges in this case considered this document. The first judge in this case, Judge Mangio, administrative record page ROA 1068-69, a number of pages, essentially is reading these minutes into the record. He is reading that Petitioner pled guilty to violating Louisiana by Statute 1481. Judge Duck, far down the line, essentially changes everything and tries to suggest, well, this document doesn't exist or wasn't properly admitted. But then in the context of reviewing Petitioner's eligibility for a removal relief, reads from the exact same document. So there's no question that the document is there. And that's where the confusion comes in as to whether or not Petitioner is convicted under 1481.3 or 1481. The document that government provided to the Court on Friday shows that he pled guilty to violating 1481. He was charged with violating 1481.3, but pled guilty to 1481. And again, that is a certified copy. Regarding Petitioner's statement that he objected to consideration of these minutes, that's simply not the case. He's arguing that by contesting removability, that means that the government somehow can't submit evidence. That creates a slippery slope where it's, you know, unless a Petitioner concedes, yes, I am convicted, throws up their hands, then the government can't somehow submit documents to prove it. That doesn't make any sense. Well, but what about the argument that, for a moment, let's assume arguendo, that the removability wasn't properly granted, but then he was forced into the relief bucket, and that's when he confessed? How do you respond to that argument about don't consider that confession or that testimony about his conviction? Yes, Your Honor. There's two points there. First, regarding the bifurcated proceedings argument, that was raised for the first time in a reply brief. So this Court generally does not consider arguments that are raised for the first time in a reply brief. Second, with respect to that, there were prior admissions in addition to the testimony. So by my count, there's at least 11 admissions on this record as to him being convicted of something, either of the two statutes most likely, more consistently the 1481 conviction. And these are, at least two of them are judicial admissions, the most obvious being ROA page 682, which is a memorandum of law submitted by counsel in the context of whether or not he's removable as an alien convicted of a crime involving moral turpitude. It says, quote, Respondent pled guilty to Louisiana Brides Statute 1481. That is patently a judicial admission. That has nothing to do with his own client's testimony. Yes, the regulations do require this bifurcation of proceedings, but the question is what is the remedy, and especially what is the remedy here? Petitioners complaining about a slippery slope of requiring petitioners to satisfy the government's burden of proof for it, and that's simply not what happened here. That's simply not going to happen. That doesn't make any sense unless there's some evidence, and we have evidence in this record of judges considering a document, and it was simply an oversight by someone somewhere along the way to not put a sticker on it. If that's a due process violation, what petitioners are describing would likely rise to the level of a due process violation if there's absolutely no evidence and the government is saying, well, you murdered somebody, and saying, no, I didn't. But they keep saying, yes, you did, and eventually get him to say that. That's not what we have here. This is not coerced in any way. This is an individual that is volunteering this information. And for one of the six immigration judges in this case to completely flip everything on its head over what appears to be a technicality does not rise to the level of a due process violation for this court, for the board to cure it, and this court to endorse it. Another point as well along the way that Judge Duck overlooked and that the board corrected is that Petitioner never contested whether or not he's removable as a non-citizen convicted of a crime involving child abuse. The reason that the aggravated felony and the CIMT grounds were the focus is because  So as a non-citizen convicted of a crime of child abuse, he can still seek to adjust status. And then that becomes the discretionary question, which the board also handled, further remedying, or excuse me, rendering remand here futile, given that even if the court were to agree that the agency needs, or excuse me, DHS needs to properly submit this document, needs to be stamped as an exhibit when it's clearly before the court, Petitioner's admitted to it repeatedly, 11 times by my count, send it back for that. Okay, that gets into the record. He's clearly inadmissible, or excuse me, removable as a non-citizen convicted of a crime involving child abuse. This court's recent ADECO case, and I apologize for not having supplied a letter to that effect, but I believe Your Honor was on that panel, involving a Texas statute and the question of whether or not it's a crime of child abuse is nearly an exact match for the Louisiana statute. Categorical match, he's convicted of a crime involving child abuse, then at that point he's seeking removal relief, which is adjustment of status, and the board has already said no, as a matter of discretion, which this court then can't review anyway. So ultimately what we have here is an oversight that has since been corrected. There's no question it's a reliable document. We have multiple judicial admissions and testimonial admissions, and we have a situation where Petitioner hasn't along the way until now contested whether or not he's convicted of a crime of child abuse. He is removable. Is this an ideal way for these proceedings to have gone? Is it ideal to have six immigration judges? I can say from personal experience I've been doing this. Appeals judges. Yes. We're up to nine. Yeah. There's been, well, you have three court of appeals judges here. There were, I believe, three on the first panel that remanded the first time. We're up to 12. No, we're up to 15, because there were three more board judges before the board. All on account of the government dropped a stitch, okay, so. Well, and that is unclear on the record who dropped the stitch, but it's, if that's the case, it's been mended in time. It's been submitted a document that was clearly relied upon by almost everyone up and down the line until Judge Duck decides I'm not actually seeing what I'm reading from here. That doesn't comport with justice. It may. It may. Whether that, what that tells us, I don't know. But you can't blame him for saying that. Well, I'm not blaming him for saying that. The circumstances are questionable in terms of it didn't come up during that proceeding. When Judge Duck was handling it at that point, it was a question of whether or not he had, whether or not he was eligible for adjustment of status. And because the aggravated felony question had been decided, the SAMT, the aggravated felony question had been decided favorably for Petitioner, but he was still, the previous judge had found him removable based on a crime involving moral turpitude. There was no argument about that before Judge Duck, but Judge Duck decided he's not removable on that basis either. But Judge Duck also didn't say anything about the grounds of removability as relates to child abuse conviction. So there were three charges of removability here. Judge Duck didn't touch that one, and that makes sense somewhat, considering that Petitioner hadn't previously challenged it. He had initially, and on remand from the board the first time, which the board sent it back for more discussion of the aggravated felony grounds, and at which point, and actually if I may clarify there, on that appeal Petitioner didn't challenge his removability based on his child abuse conviction or that ground of removability. On remand, the board limited the remand to whether or not he was convicted of an aggravated felony and to afford him the opportunity to submit documents in favor of his adjustment of status eligibility. That was a very specific limited remand where Petitioner is now claiming this is kind of the broader matter of Patel, everything's on the table remand. The immigration judge specifically there said no, it's not. He tried to argue at that point, I'm not removable based on the child abuse conviction, but then dropped it again. And Judge Duck didn't touch it, and then the board, I believe a subsequent immigration judge, also stated this is the law of the case, that your client is removable based on a crime of child abuse. So ultimately what we have here, is this an ideal way of doing business? No, it is not. But has justice been done? Yes. There's no question there's a valid state court document for this court and all the prior courts to have looked at this on which to rely, and they did rely. There's no gross miscarriage of justice here. Petitioner has never argued substantial prejudice, and ultimately remand would be futile given that the board decided that even if he is eligible for removal relief, because there's no question at this point that he's removable based on this admissible document, that he wouldn't get it as a matter of discretion. If the court has no further questions. Thank you, Mr. Heiss. Thank you, Your Honor. Mr. Scott, save some time for rebuttal. Thank you, Your Honor. The government argues that this was a mere oversight, like the judge just didn't put it in the record or something, but that's not the case. The government failed to prove that he was, in fact, removable. This is not a clerical error. We're not arguing that a conviction did not occur. We know that a conviction occurred. You have it in front of you. We are arguing that by the government failing to submit that document to prove that a conviction did, in fact, occur, and then does that conviction then render him removable, that for them to find him removable with no documents, it's a violation of not only his due process, but it's a violation of the regulations. What's your response to the argument that, well, unlike, you know, federal court where they're real specific and you better offer this and all of that, sometimes it's a little more fluid so that this document was sitting there, it was looked at by all of the different IJs, and so even if it wasn't properly stamped, it's still there, so consider it. What's your response to that? There are some things that are more fluid in the immigration court, but not when it comes to the determination of removability and the determination whether somebody is eligible for relief. They have rules of procedure for a reason, and they just didn't follow the rules. It is not that fluid. And as he stated, you know, maybe the immigration judge just grabbed from the record, you know, read it into the record. It's a direct violation of the regulations. There's a regulation on point. He can't do that. Maybe some things are a little bit more relaxed, but not that. Not a clear violation of federal regulation. Suppose hypothetically, this is not your case, suppose hypothetically that before the immigration judge the petitioner or his or her attorney just stood up and said, I stipulate that I was convicted of such and such a crime on such and such a date in East Baton Rouge Parish, period, but no document was ever submitted. Under your argument, it would still be insufficient. No, and that happens. I mean, at the outset of the proceedings, the immigration judge reads the allegations of the notice to appear to the respondent, I'm sorry, petitioner, and they admit, and that's what happened in this case. He admitted to allegation one that he's not a citizen of the U.S., number two that he's a citizen of Egypt and that he has a permanent resident, and then when it came to allegation four that you've been convicted, he denied that. Now, many times in removal proceedings people do concede. If he does concede, but that is different than testimony. I was just testing your pronouncement that a document is always absolutely necessary, at least that's what I thought I heard you say a couple of minutes ago. Correct. If he contests his removability because he's—I mean, people could be removable for various offenses. It doesn't always have to be because they're convicted of anything. If he contests his removability because he's saying I want to hold the government to their burden of proof, then yes, then a document must be submitted to prove that he was in fact convicted of something. And, you know, I heard the government say confusion many times. That in itself shows that there was no clear and convincing evidence of what he was convicted of, clear and convincing evidence that he was in fact removable. The government stated that if we contest removability that maybe we're not— that then the government can't submit evidence. No, we're not saying that. We're saying the government should have submitted evidence at that time, but they didn't. With respect to the charge of removability of crime—I'm sorry, child abuse, each ground of removability, whether it's convicted of a crime involving moral turpitude, child abuse, or an aggravated felony, they all require a document to prove that. Are you saying—excuse me, I don't mean to interrupt you, but I'm getting a little short of time. Are you saying that it's completely irrelevant and we don't consider the fact that the immigration judge was reading from—obviously reading from the document or referring to the document of conviction? For the purposes of establishing removability, it is. It's in violation of the regulation. They created regulation, and he violated it. Judge Duck remedied it by terminating the proceedings when he realized that the government did not submit any conviction documents to sustain the charges of removability. I'm unaware of any case where a respondent who has contested the removability has been removed without a document to corroborate the charges. Thank you, Your Honors. Thank you, Mr. Scott. Your case and all of today's cases are under submission.